IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MOHAMMAD ASHRAF, | ) | CASE NO.: 1:10 CV 2482 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| UNITED STATES IMMIGRATION AND | ) | |
| CUSTOMS ENFORCEMENT | ) | |
| OFFICE, *et al.*, | ) | |
| | ) | MEMORANDUM OPINION |
| Respondents. | ) | AND ORDER |
| | ) | |

This matter is before the Court on Respondents' Motion to Dismiss Petition of Mohammad Ashraf for Writ of Habeus Corpus Or, In the Alternative, Motion for Summary Judgment. (ECF #12).  Petitioner filed a Response opposing the Motion (ECF #19), and Respondent filed a Reply.  (ECF #21).  The matter is now ripe for consideration.

**STANDARD OF REVIEW**

In evaluating a motion for dismissal under Rule 12(b)(6), the district court must "consider the pleadings and affidavits in a light most favorable to the [non-moving party]." *Jones v. City of*

*Carlisle, Ky.*, 3 F.3d. 945, 947 (6th Cir. 1993) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980)). However, though construing the complaint in favor of the non-moving party, a trial court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F.Supp. 971, 975 (S.D. Ohio 1993). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl' Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly* at 555. In deciding a Rule 12(b)(6) motion, this Court must determine not whether the complaining party will prevail in the matter but whether it is entitled to offer evidence to support the claims made in its complaint. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## **ANALYSIS**

Petitioner is an arriving alien who has never been admitted to the United States. He originally attempted to enter the country with a counterfeit temporary resident card. The former Immigration and Naturalization Service (INS) paroled the Petitioner into the United States for purposes of pursuing an asylum claim. That claim was rejected based on Mr. Ashraf's own admission that he committed murder in his native Pakistan, and that he left Pakistan because he "was afraid to get caught" because he would "be put in jail."

Following the denial of his asylum application Mr. Ashraf was improperly placed in deportation proceedings. Because he should have been faced exclusion proceedings rather than deportation proceedings, the deportation proceedings were terminated in 1997. Due to some

error, exclusion proceedings were never initiated.  Mr. Ashraf's parole expired in July of 1992.  He illegally remained in the United States until February of 2008.

After his parole expired, Mr. Ashraf married three different United States citizens.  The first marriage lasted just over four years.  Three days after his divorce, Mr. Ashraf married his second wife and she filed a petition for an adjustment of his immigration status.  This marriage, however, also ended in divorce before he was interviewed in connection with the petition.  Three months after his second divorce, Mr. Ashraf married a third U.S. citizen, and this wife also filed an I-130 petition for adjustment of immigration status. After an investigation, the United States Citizenship and Immigration Services ("USCIS") determined that the marriage was entered into solely for immigration purposes, and was therefore not considered a bona fide marriage that could support an adjustment to his status.  Mr. Ashraf also provided false information on the petition when he answered no to the question: "Have you ever, in or outside the U.S.: a. knowingly committed any crime of moral turpitude or a drug-related offense for which you have not been arrested?"  As stated above, Mr. Ashraf has admitted that he committed murder in Pakistan and was not arrested for the crime.

During the investigation of his second petition for adjustment of status based on his marital status, Mr. Ashraf requested and received advance parole to visit Pakistan.  The authorization form notified Mr. Ashraf that "[p]arole is not admission into the United States . . . so even after your parole you will remain an 'applicant for admission.'" The form further provides not that "[i]f your adjustment application is denied, you may be subject to removal proceedings as an inadmissible alien under 235(b)(1) or 240 of the Act," and, "[e]ven if you have previously been granted parole, the Department of Homeland Security ("DHS") retains

discretion to deny you parole if the Department determines approving your parole application would not serve the public interest of the United States." It also advised Mr. Ashraf to contact an immigration attorney if he had been unlawfully present in the United States.

Mr. Ashraf left the United States to go to Pakistan in February of 2008, and returned to the United States approximately a month later. Upon his return, Mr. Ashraf was paroled into the United States for adjustment of status purposes pending the outcome of the investigation on his marital status.. His parole expired on April 30, 2009. In the interim, his application for adjustment of status was denied. Petitioner concedes that he was, therefore, removable under INA §212(a)(7)(A)(i)(I), 8 U.S.C. § 1182. Mr. Ashraf was not legally permitted to remain in the United States after his parole ended in April of 2009, yet he did not leave the country.

DHS issued a warrant for Mr. Ashraf's arrest on October 7, 2010. The arrest warrant was based on his admission that he murdered someone in Pakistan and was wanted in that country for the murder. The Notice of Custody Determination explained that he would be held in the custody of the DHS pending a final determination, and if ordered removed, until he was taken into custody for removal.

Petitioner is an arriving alien. Title 8, U.S.C. § 1225(b) authorizes the detention of arriving aliens. The Supreme Court has also long recognized the government's power to expel or exclude aliens as a fundamental sovereign power, largely immune from judicial control. *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 210 (1953). Further, the Petitioner has recognized that as an arriving alien, the Immigration Court has no jurisdiction over his custody determination in removal proceedings. Petitioner seeks either release of an order for a bond hearing before an immigration judge. This Court cannot (and based on the facts, would not)

order DHS to release him because this court lacks jurisdiction to review DHS's decision to deny an arriving alien parole. Further, the Court cannot order the Immigration Court to hold a bond hearing because immigration judges have no jurisdiction over custody issues affecting arriving aliens subject to removal proceedings.

In addition, Petitioner's claim that his current detention without possibility of bond violates due process does not state a claim upon which relief may be granted. Arriving aliens are not entitled to Constitutional due process protections. *Landon v. Plasencia*, 459 U.S. 21, 32 (1982). "Whatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned." *Shaughnessy*, 345 U.S. at 212. Mr. Ashraf has not pointed to any statutory protection or procedure authorized by Congress that was not followed in his case. Therefore, he has failed to state a claim for lack of due process in connection with his detention.

## **CONCLUSION**

For the reasons set forth above, the Respondents' Motion to Dismiss(ECF #12) is hereby GRANTED. IT IS SO ORDERED.

                                            /s/Donald C. Nugent
                                            Judge Donald C. Nugent
                                            United States District Judge

Date: March 18, 2011